IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Wulferic, LLC d/b/a Vapor Lab,<br><br>                             Plaintiff,<br><br>    v.<br><br>U.S. Food and Drug Administration, *et al.*,<br><br>                             Defendants. | Civil Action No. 4:24-cv-01183-O |

**Combined Reply Brief in Support of Defendants' Motion for Summary Judgment
and Opposition Brief to Plaintiff's Cross-Motion for Summary Judgment**

OF COUNSEL:

SEAN R. KEVENEY
Acting General Counsel
U.S. Department of Health and Human
   Services

MARK RAZA
Chief Counsel
Food and Drug Administration

WENDY VICENTE
Deputy Chief Counsel for Litigation

LESLIE COHEN
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 32, Room 4397
Silver Spring, MD  20993-0002

BRETT A. SHUMATE
Acting Assistant Attorney General

MICHAEL D. GRANSTON
Acting Deputy Assistant Attorney
General

AMANDA N. LISKAMM
Director

LISA K. HSIAO
Senior Deputy Director, Civil Chief

HILARY K. PERKINS
Assistant Director

JAMES W. HARLOW
Senior Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386

**INTRODUCTION**

To prevail, Vapor Lab's opposition brief, ECF No. 21, had to show two things: first, that this Court has jurisdiction over a collateral attack on a pending administrative proceeding under the TCA,[1] despite Congress channeling to the courts of appeals all challenges to such proceedings; and second, that Congress cannot assign factual determinations under the TCA to the Executive Branch even though public-health matters are among the public rights excepted from the Seventh Amendment. Vapor Lab fails twice over.

As to jurisdiction, all three *Thunder Basin* factors demonstrate that Vapor Lab must pursue its claim in the court of appeals after the administrative proceeding concludes—not through a collateral attack. The company's opposition does not address, much less distinguish, the numerous, on-point decisions that support FDA's position. Instead, Vapor Lab offers only inapt analogy and misunderstandings about the nature of the Seventh Amendment.

Vapor Lab fares no better when addressing the merits. It ignores (again) a key Supreme Court decision on which FDA relied and misinterprets several others. At bottom, TCA proceedings fall within the public-health category of public rights, so Congress may assign their determination to the Executive Branch without transgressing the Seventh Amendment.

Lastly, even if this Court were to agree with Vapor Lab on both accounts, it should decline the company's invitation to issue a nationwide injunction. Vapor Lab has not demonstrated the need for such extraordinary relief. Rather, the norm of party-specific relief should apply here.

---

[1] This brief maintains the abbreviations from FDA's opening brief, ECF No. 15.

1

# ARGUMENT

## I. Only the court of appeals can review Vapor Lab's Seventh Amendment claim

As FDA explained, 21 U.S.C. § 333(f)(6) vests jurisdiction over challenges to TCA administrative proceedings, including Vapor Lab's Seventh Amendment claim, in the court of appeals, *not* this Court. *See* Defs.' Br., ECF No. 15, at 7-11. Vapor Lab agrees with FDA that "the three *Thunder Basin* factors [] determine whether" 21 U.S.C. § 333(f)(6) "deprives the Court of jurisdiction." Pl.'s Opp'n 5. But the company errs in applying them.

Vapor Lab's primary mistake remains the inapt analogy between this case and *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023). For whole paragraphs, Vapor Lab equates itself to *Axon Enterprise* by altering quotations from that case to substitute its name and claim. *See* Pl.'s Opp'n 6-7. But the critical differences between the cases are not glossed over so easily.

"Unlike *Axon Enterprise*," FDA's opening brief said, "Vapor Lab does not challenge 'the structure or very existence of' FDA; nor does it contend the 'agency is wielding authority unconstitutionally in all or a broad swath of its work.'" Defs.' Br. 10 (quoting *Axon Enter.*, 598 U.S. at 189). In opposition, Vapor Lab still declines to show how this Seventh Amendment claim similarly strikes at the heart of FDA—because it doesn't. On its face, the claim addresses the "procedures [FDA] use[s] to" determine civil penalty proceedings for TCA violations, a fraction of the agency's work implementing the TCA and a sliver of its overall responsibilities. *Axon Enter.*, 598 U.S. at 189. For this sort of non-existential, procedural challenge, *Axon Enterprise* stressed there remained no "newfound enthusiasm for interlocutory review." *Id.* at 192.

Furthermore, Vapor Lab lacks "the rare sort of 'here-and-now injury'" that drove the outcome in *Axon Enterprise*. Defs.' Br. 10. Seventh Amendment violations are not "impossible to remedy once the proceeding is over" through "appellate review," *Axon*

*Enterprise*, 598 U.S. at 191; the courts of appeals do so routinely, *see* Defs.' Br. 10. Vapor Lab responds only by reiterating the phrase "here-and-now injury." *See* Pl.'s Opp'n 6-7. But "[r]epetition does not equal logic." *Laccetti v. SEC*, 885 F.3d 724, 726 (D.C. Cir. 2018). Vapor Lab's naked assertion cannot overcome the ample, binding authorities demonstrating that no Seventh Amendment claim has yet accrued here and certainly not one that is irreparable. *See* Defs.' Br. 8-10. *Axon Enterprise* simply does not authorize this collateral attack.

The remaining discussion of the *Thunder Basin* factors does not help Vapor Lab. For the first *Thunder Basin* factor, FDA directed the Court to several recent decisions that found Seventh Amendment challenges to administrative proceedings could receive meaningful review in the courts of appeals. *See* Defs.' Br. 8. Though on-point and highly persuasive, Vapor Lab ignores these cases entirely.

Nor does the company actually distinguish itself from *SEC v. Jarkesy*, 603 U.S. 109 (2024), where the Seventh Amendment claim was heard on direct review of an agency decision, *not* on collateral review. *See* Defs.' Br. 7. Vapor Lab says, unlike *Jarkesy*, it "is not asking" for "vacatur of an agency order levying a civil penalty"; it wants to avoid the proceeding entirely. Pl.'s Opp'n 6-7.[2] However, "'the expense and disruption' of 'protracted adjudicatory proceedings' on a claim do not justify immediate review." *Axon Enter.*, 598 U.S. at 192 (quoting *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980)). What matters is "the nature of the claim[] and accompanying harm[]." *Id.* And the right to a jury trial is not "'effectively lost' if review is deferred until after" an administrative proceeding concludes, *id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526

---

[2] Vapor Lab also notes that the review provision in 21 U.S.C. § 333(f)(6) "does not authorize a circuit court to award damages to a respondent if the court finds that the [civil money penalty] process was unconstitutional." Pl.'s Opp'n 7. It thus suggests that it would be left without an effective remedy if it prevails in this Court. But *Axon Enterprise* and *Jarkesy* belie that notion, and, in any event, Vapor Lab's complaint does not seek money damages, *see* Compl., ECF No. 1, at ¶ 61.

3

(1985)), as *Jarkesy* undeniably demonstrates. *See also W. Elec. Co. v. Milgo Elec. Corp.*, 573 F.2d 255, 256-57 (5th Cir. 1978) (per curiam) (rejecting argument that plaintiff was "irreparably injured by possible loss of its constitutional right to jury trial" and thus "entitled to review under the collateral order doctrine" because plaintiff could press claim for "a new trial before a jury" on appeal of final judgment).

On the second *Thunder Basin* factor, FDA explained how the TCA proceeding might resolve without any fact-finding through administrative summary decision, in which event no Seventh Amendment right even arguably would accrue. *See* Defs.' Br. 8-9. Vapor Lab does not dispute the proceeding against it may resolve on summary decision. *See* App., ECF No. 16, at FDA0013, FDA0025. Yet it insists that doesn't matter because "Congress violated . . . the Seventh Amendment[] by authorizing FDA to levy civil money penalties in an administrative forum." Pl.'s Opp'n 8. The Seventh Amendment does not operate as Vapor Lab contends.

The Seventh Amendment addresses only who makes "the ultimate determination of issues of fact" in certain types of cases. *In re Peterson*, 253 U.S. 300, 310 (1920). And even then, the jury-trial right does not accrue "unless and except so far as there are issues of fact to be determined." *Id.*; *see* Defs.' Br. 9 (quoting *In re Peterson*). That's why summary judgment comports with the Seventh Amendment. No party is "deprived . . . of the *right* of trial by jury" because, with no disputed factual issue, no "right of trial by jury accrues." *Fid. & Deposit Co. of Md. v. United States*, 187 U.S. 315, 320 (1902) (emphasis in original). Though Vapor Lab dismisses this body of law as a "red herring," Pl.'s Opp'n 8, it disproves the company's central premise that a right to a jury trial can be infringed as soon as a proceeding commences.

The contingent nature of a Seventh Amendment claim also answers Vapor Lab's question of why the potential for administrative summary decision matters here but did not in *Axon Enterprise*. *See* Pl.'s Opp'n 7-8. Whereas the structural, constitutional claims in *Axon Enterprise* "challeng[ed] the Commissions' power to proceed *at all*," 598 U.S. at

4

192 (emphasis added), Vapor Lab's claim is far narrower. It addresses only the resolution of factual disputes by an administrative decisionmaker. Because that may never occur if summary decision is granted (for or against Vapor Lab), the Seventh Amendment claim is entirely contingent upon, *not* wholly collateral to, the particular FDA "orders or rules from which review might be sought." *Id.* at 193 (quoting *Free Enterprise Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 490 (2010))).

Relatedly, Vapor Lab mischaracterizes FDA's position about the impact of summary decision on the third *Thunder Basin* factor. Of course, the mere "existence of regulations authorizing summary decision" does not show constitutional claims are intertwined with matters on which the agency has expertise. Pl.'s Opp'n 9. When applying those regulations in a particular proceeding though, agency decisionmakers bring to bear their expertise on TCA-specific issues, such as a product's marketing status. *See* Defs.' Br. 9-10.

At bottom, the *Thunder Basin* factors strongly weigh against entertaining Vapor Lab's collateral attack and thereby undermining the special statutory review scheme created by Congress.

## II. The public rights exception to the Seventh Amendment exists and applies here

Even if the Court entertains Vapor Lab's collateral attack, FDA also addressed why the suit ultimately is meritless. Under longstanding Supreme Court precedent, if "a public right is at issue, 'Congress may assign the matter for decision to an agency without a jury, consistent with the Seventh Amendment.'" Defs.' Br. 11 (quoting *Jarkesy*, 603 U.S. at 127). Administrative proceedings under the TCA fall within "the 'public health' category" of public rights. Defs.' Br. 11 (quoting *Crowell v. Benson*, 285 U.S. 22, 51 (1932)). Thus, the Seventh Amendment does not bar the Executive Branch from making "determinations under the statute . . . in the first instance," which then are "subject to judicial review" under 21 U.S.C. § 333(f)(6). *Id.* 13.

In response, Vapor Lab questions whether "the 'public rights' exception still exists." Pl.'s Opp'n 13. It undoubtedly does. *Jarkesy* simply declined to extend the public rights exception to administrative actions that "target the same basic conduct as common law fraud, employ the same terms of art, and operate pursuant to similar legal principles." 603 U.S. at 134. It also recounted (without overruling) the various categories of public rights recognized in past decisions. *See id.* at 128-31, 137-38. So *Jarkesy* merely "provided guidance on the scope of the 'public rights' exception." *Prewitt v. McDonough*, No. CV 21-2243 (RDM), 2025 WL 42744, at *3 (D.D.C. Jan. 7, 2025).

Next, Vapor Lab argues "the Supreme Court has never adopted a 'public health' exception to the Seventh Amendment." Pl.'s Opp'n 11. But the company neglects *Crowell*, which FDA quoted for that very proposition. *See* Defs.' Br. 11. *Crowell* discussed how the Executive Branch may make "determinations of fact" in matters of public rights. 285 U.S. at 50. Among the "[f]amiliar illustrations" of public rights which Congress may assign to the Executive Branch for "determination" are those involving "*public health*." *Id.* at 51 (emphasis added). These illustrations remain good law. Indeed, *Jarkesy* pulled from this very sentence of *Crowell* for "categories of adjudications [that] fall within the exception." 603 U.S. at 130 (citing *Crowell* for examples of public rights); *see also Prewitt*, 2025 WL 42744, at *3 (same).

Vapor Lab also misunderstands the import of *Houston v. St. Louis Independent Packaging Co.*, 249 U.S. 479 (1919), on which both *Crowell* and FDA relied to illustrate a public rights matter involving public health, *see* Defs.' Br. 11. To be sure, *Houston* did not involve "a defendant in an agency enforcement action." Pl.'s Opp'n 11. Instead, and more importantly, the case addressed the background "rule" by which Congress may lawfully commit "the determination" of "a question of fact" in certain matters to "an executive department." *Houston*, 249 U.S. at 484. *Houston* held that "this rule" permitted the Secretary of Agriculture to determine whether a food's labeling was "false and

6

deceptive," which was "a question of fact." *Id.* at 485-87. In other words, as *Crowell* recognized, *Houston* deemed such determinations to involve matters of public rights.

Vapor Lab does not rebut FDA's showing that determinations under the TCA are akin to those in *Houston*. *See* Defs.' Br. 12. Rather, the company argues, contrary to *Crowell* and *Houston*, "there is no 'public health' exception to the Seventh Amendment." Pl.'s Opp'n 11. But the sole case on which it relies, *Tull v. United States*, 481 U.S. 412 (1987), is inapposite. *Tull* arose from a district court's denial of a demand for a jury trial in a civil suit, not an administrative proceeding. *See id.* at 414-15. So the public rights exception—which applies when "initial adjudication" is by the Executive Branch, *Jarkesy*, 603 U.S. at 128—never came into play, *see Tull*, 481 U.S. at 418 n.4 (acknowledging the distinct line of cases "holding that the Seventh Amendment is not applicable to administrative proceedings"); *Marine Shale Processors, Inc. v. U.S. EPA*, 81 F.3d 1371, 1378 (5th Cir. 1996) (declining to extend *Tull*'s holding about a "district court proceeding" to an administrative one).

Finally, Vapor Lab conflates the scope of public rights with the means of their enforcement when discussing *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320 (1909). *See* Pl.'s Opp'n 14. While that case expanded the public rights exception to matters arising from "Congress's power over foreign commerce," *Jarkesy*, 603 U.S. at 129 (discussing *Oceanic Steam Navigation Co.*), its discussion of remedial principles swept more broadly. When "legislating" on a matter of public rights, Congress may "impose appropriate obligations, and sanction their enforcement by reasonable money penalties, giving to executive officers the power to enforce such penalties without the necessity of invoking the judicial power." *Oceanic Steam Navigation Co.*, 214 U.S. at 339. Therefore, if TCA proceedings fall under any category of public rights (as they do), that status is unaltered by the potential assessment of a money penalty.

**III. A nationwide injunction is patently improper**

Were the Court, however, to agree with Vapor Lab on the merits, it then must apply the traditional "four-factor test" before granting injunctive relief. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156 (2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Under that test, Vapor Lab "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* Without addressing any of those factors, the company contends "a nationwide injunction is warranted." Pl.'s Opp'n 3. This request is baseless.

If any "injunction is a drastic and extraordinary remedy," *Monsanto Co.*, 561 U.S. at 165, the nationwide, universal injunction is the most drastic and extraordinary of them all. It results in "one district court" making "a binding judgment for the entire country." *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021). As this "Court is acutely aware," the Supreme Court increasingly has expressed "concerns regarding nationwide injunctions." *Texas v. Cardona*, No. 4:23-CV-00604-0, 2024 WL 3658767, at *50 (N.D. Tex. Aug. 5, 2024). Though universal relief may be appropriate in certain "narrow categories" of cases, this is not one of them. *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 954 (5th Cir. 2024).

"Remedies must be 'tailored to redress' a plaintiff's injury." *Texas v. United States*, No. 23-40653, 2025 WL 227244, at *18 (5th Cir. Jan. 17, 2025) (quoting *Gill v. Whitford*, 585 U.S. 48, 73 (2018)). And "equitable remedies such as injunctions should not provide more relief than 'necessary to give the prevailing party the relief to which [it] is entitled.'" *Id.* (quoting *Hernandez v. Reno*, 91 F.3d 776, 781 & n.16 (5th Cir. 1996)). As the sole plaintiff in this case—and "the only plaintiff" before this Court that has "even attempted to demonstrate an actual injury"—Vapor Lab's asserted injury "is fully

8

redressable by" an injunction limited to itself. *Id.* By contrast, an injunction covering all entities who are or might become subject to a TCA administrative proceeding "far exceed[s] the 'particular' tailoring necessary to redress [Vapor Lab's] injuries and afford [it] complete relief." *VanDerStok v. Garland*, 633 F. Supp. 3d 847, 862 (N.D. Tex. 2022) (quoting *Gill*, 585 U.S. at 73). And Vapor Lab does not explain why "party-specific injunctive relief in this case [would] prove 'unwieldy' or 'cause more confusion' for geographic reasons." *Braidwood Mgmt.*, 104 F.4th at 955.

Vapor Lab laments that, if FDA disagrees with this Court's ruling, the agency may not voluntarily apply it to future cases. Pl.'s Opp'n 2-3. But that is a feature, not a bug, of our justice system. "[A]n issue of great significance" can be "litigated throughout the country" and its "ultimate resolution . . . benefit[s] from 'the airing of competing views'" by multiple judges and circuits. *Becerra*, 20 F.4th at 264 (quoting *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of a stay)). Indeed, other district courts are considering the same issue raised here. *See Huff and Puffers, LLC v. U.S. FDA*, No. 8:24-cv-02110-JVS-JDE (C.D. Cal.); *Vape Central Grp., LLC v. U.S. FDA*, No. 1:24-cv-03354-RDM (D.D.C.); *see also Walker v. U.S. FDA*, No. 1:24-cv-00560-WO-JLW (M.D.N.C.).

An agency's respectful "[n]onacquiescence" to one lower court's ruling in other cases "promotes [that] inter-circuit dialogue." *Gorss Motels, Inc. v. FCC*, 20 F.4th 87, 97 (2d Cir. 2021). That's all FDA did in both situations Vapor Lab discusses; the agency simply declined to extend one party's judgment "to other applicants." Pl.'s Opp'n 2-3. It affords no basis to grant universal relief here.

Vapor Lab has demonstrated no need for a nationwide injunction in this case, and its request should be denied.

**CONCLUSION**

For the foregoing reasons, and those in FDA's opening brief, this Court should grant FDA's motion for summary judgment and dismiss this action.

January 27, 2025                                Respectfully submitted,

/s/ James W. Harlow
JAMES W. HARLOW
Senior Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
(202) 514-6786
(202) 514-8742 (fax)
james.w.harlow@usdoj.gov